Next case please. 010336 People v. Rhonda Ford. Could both sides step up. Tell us who you are and who you represent. Assistant State's Attorney Tony O'Brien on behalf of the people of the state of Illinois. Assistant Public Defender Harold J. Winston on behalf of Petitioner Appali Rhonda Ford. You're always welcome. Anytime you're ready, Mr. O'Brien. This is the case that you heard at the beginning. I said, if you missed it, might as well pop. I said that this case is very straightforward. It shouldn't take 15 minutes to decide. And then I said, oh, wrong case. That's your case I was talking about. And I meant it. So not to cut you short, but it's a legal issue. Get right to it. Okay. Good morning, Your Honors. As you said, the issue is a legal one. In light of the Supreme Court's decision in People v. Morris, the circuit court's decision below granting post-conviction relief to the defendant was prohibited in light of the retroactivity holding in Morris. As we know, Morris held that Whitfield may not retroactively be applied in collateral cases where the sentence or conviction became final before December 20th of 2005. Here, the defendant pled guilty and was sentenced on July 6th of 2005. Her conviction became final 30 days later when the time for her to file a motion under 604D expired. And at that point, the trial court had lost jurisdiction to consider the motion challenging the plea or anything excessive concerning this sentence. The defendant argues that Morris doesn't apply to this case because she filed an appeal. So her conviction, she argues, didn't become final until that appeal was decided, plus 35 days afterwards when the period to file an appeal expired. What did the appeal decide? What was the issue before the appellate court? The issue before the appellate court, and that's critical to this, is that it was whether or not the defendant complied with Rule 604D. Was there, had the defendant perfected? The trial court said, we have no jurisdiction to hear that. Right. The trial court says that. That's the only issue that the defendant could appeal. The appellate court said, we don't have any jurisdiction to hear that. No, the appellate court didn't say that. The only issue that goes up on appeal is, did the trial court have jurisdiction to consider the late 604D motion that the defendant filed? So the appellate court has jurisdiction to consider. Compliance with Rule 604D is not jurisdictional in terms for the appellate court, but it is for the trial court. So for the issue that went up on appeal was just really one issue. It wasn't related to the conviction. It wasn't related to the sentence. It was simply, did the trial court have jurisdiction to consider the defendant's motion to withdraw her plea? And the appellate court held, no. Your time has run out. You didn't file it within 30 days. So the trial court was right. They didn't have jurisdiction. So the case is dismissed. Nothing about that appeal threatened the finality of her conviction, didn't threaten the sentence. It couldn't attack the sentence. It was a very limited question on whether or not the trial court had jurisdiction to consider it. She wanted permission essentially from the appellate court to say, can I go back to the trial court and begin the process of directly attacking my conviction and sentence? And the court said, no. We can't rewind the clock for you. So from what we have is the trial court told the defendant the time had run up. Her conviction was final. The appellate court told her, your time has run up. The conviction is final. That is no less true today than it was during that initial process of things. The defendant's conviction became final 30 days after she pled guilty, which was on August 5th of 2005. And you rely on Ross and Cowart for the proposition that filing an appeal that is dismissed under 604D is no appeal at all, right? Correct. And if you know, I failed to pull those cases, how did that come up in Ross and Cowart? Why was it significant? It was like filing no appeal at all. Well, in Ross, it involved, Ross was a post-conviction petition, and the defendant procedurally had, somewhat similar to here, had filed a late 604D motion. Right. And he either withdrew it or it was dismissed by the court. I think it was dismissed as no jurisdiction. The defendant then filed an appeal challenging that, and then appointed counsel said, well, you know what, we blew the 604D. So they filed a, what was that, got a summary order from the court saying send it back. So when they filed a PC, the issue is, well, what's, is the PC late? Because the state, we argued, well, you did file a direct appeal. So the clock starts ticking. You have six months from the time that your appeal was, you had a disposition on the appeal. And the defendant said, well, no, I get the full three years because it really wasn't an appeal. I was just challenging the jurisdiction of the court. And so the holding in Ross is, yeah, you're right. Nothing that happened inside that appeal concerned anything about the judgment of conviction. It was just, it was a very limited question. And the court could not reach the, any of the issues, any substantive issues in the case. So it stands them out to filing no appeal at all. Okay, well. Yeah. Okay. Seems like a lot of work to me over some real basic black matter law. Which could have a real big downside, a huge impact. And here's a lady, repeat offender, whether she serves five years or five and a half. And you chose to go to the barricades over it. Let's see what happens. Anything else? That's all yours. And I stand on the balance of the brief. Are you familiar with Flowers? Flowers case? Yes, I am, Your Honor. How does that fit in? She just asked me, I know I'm drawing a blank. I know the case very well, but now presumably I'm drawing a blank. The Flowers is. The time ran out. Yeah. You have to have a ground to come. You have to be able to file something in order to file something. Right. You have to be within the time frame. Right. Okay. All right, thank you, Your Honor. Thank you. Mr. Winston. I'm so sorry you had to hear that other thing about the prior murderer complaining about public defenders, Mr. Winston. It's appalling. It happens. Rhonda Ford was misinformed by the circuit court of her MSR term, which denied her due process under the 14th Amendment, according to Boykin v. Alabama, Santabella v. New York, and also under People v. Whitfield.  That was not the only issue on the case. There were actually two other issues addressed. One was that the MSR was incorrect in the briefs, and the other was that the minimus needed correcting. When the appellate court made its decision, and you can see this on the last page of the decision, which I think is C-22, it says we're not going to reach the MSR issue because of the position we're taking on timeliness. I do want to point out to this Court that there was not only briefing and not like the case where the appellate attorney simply withdrew the appeal and admitted it's not timely, but there was material on the common law record that would have supported defendant's claim that she actually mailed from Dwight Prison a motion to vacate on July 26, 2005, which would have been timely. There are three separate items in that original common law record, a letter to Dorothy Brown dated September 21, 2005, saying I resubmit in August what I mailed from Dwight on July 26. In her motion to correct minimus filed October 28, 2005, she says materials were mailed from Dwight on July 26, 2005, and in the late notice of appeal itself on December 14, 2005, she says forms were notarized by Mr. Spencer of Dwight on July 19, 2005, and then mailed on July 26, 2005, to the Circuit Court of Cook County. There was nothing in the record rebutting those claims. The Court did decide that that evidence was insufficient. The Court did have a right to make the decision, but my point is there was a real serious issue here about whether there was a timely filing. There were substantive issues addressed. It's very unlike the two cases the State cited, and it seems to me, in terms of fundamental fairness, we should include the date that the case became final as reflecting the appeal on the 35 days after. In these circumstances, which are very different from Coward and Ross. Briefly, clearly, if it is timely, I don't think, I'm sorry, Judge. The chronological order. What do you consider to be the final date? I consider it 35 days after the appellate decision, which was on September 20, 2007, so it would be sometime in October 2007, which would be almost two years after Whitfield. I think clearly if Whitfield does apply, she's entitled to relief. The State argued in its brief that, well, misinformation is not the same as no information, but courts are on record, such as the Illinois Supreme Court in People v. Correa, 108 ill second 541 at 552, where it found erroneous misleading representation, that time by counsel, was worse than the issue of what happens if you said nothing at all. And the Seventh Circuit similarly held in United States X. The State says, well, Holt and Jarrett say it's up to three years, one to three years, and the Fourth District said it's okay. I have two observations. The Fourth District doesn't like Whitfield at all and said so from the start. And second, in those cases, the defendant was admonished of the maximum term of MSR, and it's the maximum term of MSR that's important when Whitfield says the defendant agreed to at the time of pleading. My second issue is, if you take Morris and Whitfield and throw them both away, Klein is still entitled to relief under the U.S. Supreme Court decisions in Boykin v. Alabama and Santabello v. New York. Boykin, back in 1969, holds that defendant must have a full understanding of what the plea connotes and its consequences. Santabello v. New York in 1971, a decision written by the rather conservative Chief Justice Warren Burger, still says when a plea rests in any significant degree on a promise or agreement of a prosecutor so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. And how do we know that Santabello governs? Because case after case, federal cases and state cases, looked at Santabello and said you have a right to a remedy if you don't get the benefit of your bargain. But don't most of those cases, the ones I'm familiar with, isn't there a misconduct between parties? Like the case you're talking about, didn't the parties agree in the 402 conference, I will not make a recommendation. That was Santabello. Right. Santabello was on. So how does it relate here? Here she agreed to take 11 years in jail. Right. Two years mandatory supervised release. Correct. So the other one, someone lied. Well, but if you. And here she agreed to this. Right. But she's being made to serve 11 plus three years mandatory supervised release. That's the whole problem. She never agreed to the three year term. And if you look at the cases that applied it. I mean, you're right about Santabello. That was a case where the prosecutor changed and the second prosecutor didn't realize the promise of the first prosecutor. But the Seventh Circuit applied it in case after case when there was no mention of an MSR. Miller versus McGinnis, 774, F2nd 819. Baker versus Finkbeiner, 551, F2nd 180. In Lane versus Williams, a U.S. Supreme Court case, 455, U.S. 624. In 1981, the court said, well, specific performance could be possible such as removal of a parole term, which was the earlier remedy. But in that case, the time had run too late and it couldn't be done. And the Illinois Appellate Court in this court, the First District, in People versus Moore, 214, 938 and 944, struck the MSR. Because at that time, courts thought, well, you could strike the MSR and that would give the benefit of a bargain. However, Sinsville, Illinois Supreme Court, did hold in Whitfield that you can strike the MSR, that it's statutory provided. So if you can't, the only possible remedy is reducing the sentence. Such as was done by the Pennsylvania Supreme Court in Commonwealth versus Zuber, 466, Pennsylvania, 453, back in 1976. And the Minnesota Supreme Court in James versus State in 2005 at 699, Northwest 2nd, 723, said the court should consider a similar remedy. Now, the Illinois Supreme Court faced with a somewhat different situation. In People X. Well, Ryan versus Roe, going back to 2002, well before the plea, at 201 L 2nd, 552 at 557, the situation was there was that everybody misunderstood. They didn't think truth in sentencing applied. The defendant was misinformed that that was the case. It turned out it did apply. The Illinois Supreme Court said, well, we're going to fashion an equitable remedy. And they reduced the sentence. So there's a precedent right in the Illinois Supreme Court for reducing a sentence. And, of course, earlier in People versus Wills, back in 1975 at 6102nd, 105 at 109, they said, yes, you have a right to know at the plea the full term of the MSR. Now, in Wills, there were several different convictions. And the longest one with the MSR that governed was armed robbery. And the defendant was told about that, so the court said, well, he knows about the longest MSR, so there's no problem. But here, simply the problem is she did not know about the longer term that applied in her case. It's simply unfair. You're simply arguing the defendant should get the benefit of her bargain. Yes. And that goes right back to from Sanibello versus New York. And, in fact, all the seven judges then on the U.S. Supreme Court agreed with that. And four of the seven, three of the seven said defendant had the right to choose the remedy. And the fourth, Justice Douglas, said you should give very heavy weight to what the defendant wants in a remedy. And, again, there were only seven justices in the court. I think two had resigned and hadn't yet been filled. And here the trial court agreed with you. And the trial court agreed. And because it's fair. It's just unfair, and it makes the courts look bad if something is told in court  It's just a matter of fundamental fairness as well as due process. Thank you. Thank you. Mr. O'Brien, briefly. Okay. The defendant mentions that there were other issues raised on the appeal that went to the appellate court, that they had actually raised the MSR issue. That may be true, but ultimately it really doesn't matter. He could have raised whatever issues he wanted on that appeal. The only question that the court could have considered was the jurisdiction of the trial court. People v. Foster says that the appellate court's job at that point is very limited. The only question that they can consider is the jurisdiction of the trial court on the Rule 604 motion. Whether they find for the, you know, if they find it in the defendant's favor, the only remedy is the remand to the circuit court. They're not going to address any of the issues. And if they don't find it in his favor, the case is dismissed. So the fact that there were other issues raised on it doesn't matter. And also with respect to Santabello, there's really just no way around Morris. I mean, Morris and Whitfield discussed Santabello extensively. The court is very, very well aware that Santabello existed, yet Morris holds that the rule that a faulty MSR admonishment can lead to a violation of due process was a new rule. So, you know, love it or hate it, that is what Morris holds, and there's not much a way around it. And they were very well aware that Santabello existed and what its implications were. Thank you. Thank you for the briefs and the arguments. And this case will be taken under advisement, and this court will be adjourned.